J-S02012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT FRANKLIN | : | |
| | : | |
| Appellant | : | No. 924 EDA 2020 |

Appeal from the PCRA Order Entered February 24, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000743-2004

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    Filed: April 8, 2021

Appellant, Vincent Franklin, appeals *pro se* from the post-conviction court's order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On March 8, 2005, Appellant was convicted by a jury of various sexual offenses, including rape and involuntary deviate sexual intercourse. Appellant's convictions stemmed from evidence that he had committed ongoing, sexual abuse of his girlfriend's minor daughter over the course of four years.  For his crimes, Appellant was sentenced to an aggregate term of 25 to 50 years' incarceration.  On direct appeal, this Court affirmed his judgment of sentence, and our Supreme Court denied his subsequent petition for allowance of appeal.  **See Commonwealth v. Franklin**, 911 A.2d 179

(Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 917 A.2d 313 (Pa. 2007).

Due to procedural circumstances not pertinent to our disposition of this appeal, Appellant's sentence for rape was subsequently vacated, and he was resentenced on May 23, 2014. The court imposed the same, aggregate term of 25 to 50 years' incarceration. We again affirmed his judgment of sentence on direct appeal, and our Supreme Court denied review. **See Commonwealth v. Franklin**, 135 A.3d 662 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 14 A.3d 723 (Pa. 2016).

On July 27, 2017, Appellant filed a *pro se* PCRA petition (hereinafter "prior Petition"), and counsel was appointed. After conducting an evidentiary hearing on December 11, 2017, the PCRA court dismissed Appellant's prior Petition. On appeal, this Court affirmed, concluding that Appellant's claims were untimely. **See Commonwealth v. Franklin**, 130 EDA 2019, unpublished memorandum at 4 (Pa. Super. filed July 15, 2019). We reasoned that Appellant's resentencing did not "reset the clock" for his post-conviction claims, which attacked his underlying convictions that had become final in 2007. **Id.** Because Appellant made no attempt to argue the applicability of any PCRA timeliness exception, we affirmed the court's order denying his petition as untimely. **Id.** Our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Franklin**, 221 A.3d 647 (Pa. 2019).

On January 15, 2020, Appellant filed the *pro se* PCRA petition that underlies his present appeal. Counsel was appointed, and filed a **Turner/Finley**[1] 'no-merit' letter and petition to withdraw. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, and granted counsel's petition to withdraw. Appellant did not respond. On February 24, 2020, the court issued an order and opinion dismissing his petition as being untimely.

Appellant filed a timely, *pro se* notice of appeal. He also complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on May 20, 2020, stating that it was relying on the reasons set forth in its February 24, 2020 opinion for dismissing Appellant's petition.

Before addressing the argument presented in Appellant's *pro se* brief, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by examining the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence, related to issues arising from his resentencing hearing, became final on November 21, 2016. Thus, his present petition, filed in January of 2020, is patently untimely, and Appellant

must prove the applicability of a timeliness exception to trigger this Court's jurisdiction to review his claims.

Appellant contends that he meets the governmental interference exception.[2] Specifically, he avers that in his prior Petition, denied in November of 2018, he raised "issues regarding sentencing counsel's ineffective assistance of counsel, a merger issue, and an illegal sentence." Appellant's Brief at 14. He insists that these claims were argued before the prior PCRA court at the evidentiary hearing held on December 11, 2017. Appellant contends that these issues were timely, as they stemmed from his resentencing on May 23, 2014, and that he has been precluded from pursuing these claims because the government has denied him access to the record of the December 11, 2017 hearing. Appellant insists that, despite repeated requests, he has been denied a copy of the transcript of that hearing. Thus, he maintains that the government interfered with his ability to appeal from the denial of his prior Petition raising these ostensibly timely, collateral attacks on his May 23, 2014 sentence.

Initially, in Appellant's *pro se* PCRA petition, he made no mention of the alleged interference by the government in obtaining the transcript of the December 11, 2017 hearing. Instead, he claimed only that his sentence is greater than the lawful maximum, and that his trial counsel acted ineffectively

---

[2] We note that Appellant has not included a Statement of the Questions Involved section in his appellate brief. *See* Pa.R.A.P. 2116. However, we can glean his issue from the first paragraph of the Argument section of his brief. *See* Appellant's Brief at 10.

by not challenging his illegal sentence. *See* PCRA Petition, 1/15/20, at 2-7; PCRA Court Opinion, 2/24/20, at 11 (stating that Appellant raised four issues in his *pro se* petition: three challenges to the legality of his sentence, and one "undefined" claim of ineffective assistance of counsel). Because Appellant failed to plead the applicability of any timeliness exception in his petition, the PCRA court lacked jurisdiction to consider the merits of his issues, and he has not preserved his governmental-interference claim for our review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In any event, we would deem Appellant's governmental-interference argument meritless. Notably, Appellant was counseled during the litigation of his prior Petition, as well as on appeal from the denial thereof. In that appeal, his counsel presented claims pertaining to Appellant's 2005 convictions, which led to this Court's concluding that those issues were untimely. *See Franklin*, No. 130 EDA 2019, unpublished memorandum at 4. At no point did Appellant's counsel argue that there were any issues pertaining to Appellant's 2014 resentencing, or assert that counsel could not raise such claims because the December 11, 2017 PCRA hearing transcript was unavailable. Thus, to the extent Appellant now claims he was denied review of challenges to his May 23, 2014 resentencing, that denial was due to his counsel's failure to assert such issues on appeal, not because the government interfered with Appellant's ability to do so. Accordingly, even if preserved, we would conclude that Appellant's governmental-interference claim is meritless.

- 6 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/21